IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE NASH, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:24-cv-1243-L-BN |
| § | |
| ESTELA MARTINEZ, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Estela Martinez, proceeding *pro se*, removed to federal court an eviction proceeding filed against her in a Dallas County, Texas state court, asserting that there is subject matter jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1.

United States District Judge Sam A. Lindsay referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because the Court lacks jurisdiction, this lawsuit should be *sua sponte* remanded to the state court from which it was removed.

**Legal Standards**

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). But the federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of

citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Due to the limited nature of the Court's jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, the Court has an independent duty to ensure that there is subject matter jurisdiction, *see, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), since "[j]urisdiction is the power to say what the law is," *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023).

And, for "removals that are defective because of lack of subject matter jurisdiction," "remand may take place without [ ] a motion and at any time." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up; citing 28 U.S.C. § 1447(c)).

**Analysis**

Martinez alleges that diversity jurisdiction supports removal because "the matter in controversy exceeds the sum of $75,000" and, while she is a citizen of Texas, The Nash is "a limited liability company under the laws of the State of California with its principal place of business in the State of California," and, so, it "is a citizen of California." Dkt. No. 1 at 1.

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

Starting with citizenship, Martinez has not properly alleged the citizenship of

the defendant to the extent it is, as she alleges, a limited liability company. *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023) ("For limited liability companies, § 1332 citizenship is determined by the citizenship of all of its members. To establish diversity jurisdiction in a suit by or against an LLC, a party must specifically allege the citizenship of every member of every LLC." (cleaned up)).

This deficiency is enough to find that Martinez has not shown federal subject matter jurisdiction, such that remand is required. *See* 28 U.S.C. § 1447(c); *Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023).

But Martinez's allegations also fail to show that the amount in controversy exceeds the jurisdictional minimum. *Cf. Ferrari v. Francis*, ___ F. Supp. 3d ___, No. 3:23-cv-455-S-BN, 2024 WL 1980713, at *1 (N.D. Tex. May 3, 2024) (The Court is "entitled to consider sua sponte whether the jurisdictional amount in controversy requirement had been fulfilled." (quoting *Mitchell v. Metro. Life Ins. Co.*, 993 F.2d 1544, 1993 WL 185792, at *2 n.3 (5th Cir. 1993); citing *United States v. Lee*, 966 F.3d 310, 320 n.3 (5th Cir. 2020) ("Unpublished decisions issued before 1996 are binding precedent. 5TH CIR. R. 47.5.3."))).

> "The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012). "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up). That is, "[t]he amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation. The amount is measured by the value of the object of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv.*

>   *Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (cleaned up).

*Id.* at *2.

To the extent that Martinez has removed to federal court a state court eviction proceeding, which is all that is apparent from the notice of removal, Martinez has not shown that the object of that litigation exceeds $75,000.

For example, "[a] forcible detainer action only seeks possession of property.'" *U.S. Bank Nat'l Ass'n v. Spence*, No. 4:13CV245, 2013 WL 1856032, at *2 (E.D. Tex. May 1, 2013) (citing *Hart v. Keller Props.*, 567 S.W.2d 888, 889, 567 S.W.2d 888 (Tex. Civ. App. – Dallas 1978, no writ) ("The rule is settled that the measure of the lessor's damages for withholding possession pending appeal of the forcible detainer action is the reasonable rental value."); citations omitted).

And Martinez includes no facts from which the Court could judge that the reasonable rental value at issue here exceeds $75,000.

"Although a district court should generally accept a plaintiff's good faith statement regarding an amount in controversy, a plaintiff invoking jurisdiction still has 'the burden of alleging with sufficient particularity the facts creating jurisdiction and of supporting the allegation if challenged.'" *Fuller v. Hibernia Oil*, No. 21-20324, 2022 WL 17582275, at *1 (5th Cir. Dec. 12, 2022) (per curiam) (cleaned up; quoting *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982)); *accord Celestine*, 467 F. App'x at 319-20 ("While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury. This is

especially so when, after jurisdiction has been challenged, a party has failed to specify the factual basis of his claims. Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact." (quoting *Diefenthal*, 681 F.2d at 1052)).

If a plaintiff pleads a specific or determinate amount of damages, "[t]o justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Greenberg*, 134 F.3d at 1253 (cleaned up). When the amount in controversy is challenged under these circumstances, the plaintiff "must show that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount." *Bloom v. Depository Tr. Co.*, 136 F.3d 1328, 1998 WL 44542, at *1 (5th Cir. Jan. 26, 1998) (per curiam) (cleaned up).

While Martinez fails to allege with sufficient particularity facts from which the Court may infer that damages exceed the minimum amount in controversy, the opportunity to file objections (as further explained below) affords an opportunity to show that it does not appear to a legal certainty that the claims in this lawsuit amount to less than the jurisdictional amount.

And, if Martinez fails to do so, that is another reason why this lawsuit should be remanded for lack of subject matter jurisdiction.

In sum, so far Martinez has not shown that there was federal subject matter jurisdiction at the time of removal. So the Court is required to *sua sponte* remand this case to state court under Section 1447(c) – which "declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded." *Int'l Primate Prot.*

*League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original).

## Recommendation

Because the party invoking the Court's jurisdiction through removal has not shown that this action was removable based on the allegations in the well-pleaded complaint at the time of removal, the Court should *sua sponte* remand this action to the Dallas County, Texas state court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 24, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE